**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| LARNETTE WESTBROOK, | : | |
| Petitioner, | : | Civil No. 12-3111 (RMB) |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES:**

**LARNETTE M. WESTBROOK**, Petitioner pro se
#04413007
F.C.I. Fairton
A-R-C-428
P.O. Box 420
Fairton, N.J. 08320

**BUMB**, District Judge

Petitioner Larnette Westbrook ("Petitioner"), currently confined at F.C.I. Fairton in Fairton, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 requesting that the Social Security Administration Authorities show cause why they did not direct deposit Petitioner's social security income into his account every six months.  For the reasons expressed below, the Court will dismiss the petition without prejudice to the filing of an appropriate civil action.

**I. BACKGROUND**

Petitioner states that in September 2009, he filed for

"supplement security income benefits." (Pet. 1.) After being denied three times for benefits, he appeared before an administrative judge for a hearing. (Id.) One month later, he was notified that he would be "rewarded" for his claim. (Id.) He received checks in the mail until August 2011, when he relocated to another address. (Id.) He informed the Social Security Administrative Offices of this change and asked that his payments be direct deposited into his account. (Id.) The most recent payment was due in March 2012, however that was not paid nor was it explained why it was not paid. (Id.) Petitioner argues that even though you are not permitted to receive benefits while you are in jail or prison, the payments he is receiving are not benefits, but are actually back-pay for the payments he was not previously paid and therefore, the payments should continue. (Id. at 3.) Petitioner alleges that his 5th and 14th Amendment rights are being violated. (Id.) Petitioner did not submit the filing fee or an application to proceed in forma pauperis.

Petitioner then filed a "formal motion order" for summary judgment based on the issues raised in his habeas petition. (Docket Entry No. 2.) Thereafter, Petitioner filed a "motion to dismiss - request for final disposition pursuant to IADA Articles 1-1x." (Docket Entry No. 3.) Said document appears to be completely unrelated to the previous documents filed in this case and seeks to have a pending detainer dismissed. It appears that

Petitioner intended to bring this request before a judge in the District Court for the District of Columbia, the court which lodged the detainer.

Petitioner filed an "order motion" [to] "rebuttal the Respondent Application/Motion to Dissmiss [sic] filed by the Petitioner" (Docket Entry No. 4) and another "order motion" (Docket Entry No. 5), both of which appear to re-state the arguments previously made by Plaintiff in the documents at Docket Entry Nos. 1 & 2.  Finally, Petitioner submitted a request to have his case transferred to the "Clerk of the Superior Court of the District of Columbia, Washington, D.C." (Docket Entry No. 6.)

**II. DISCUSSION**

**A. Legal Standard**

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be

construed liberally and with a measure of tolerance. See <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See <u>Lonchar v. Thomas</u>, 517 U.S. 314, 320 (1996); <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989). <u>See also</u> 28 U.S.C. §§ 2243, 2255.

**B. Analysis**

    Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless-... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

    A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, <u>Muhammad v. Close</u>, 540 U.S. 749 (2004) and <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997). <u>See also</u> <u>Wilkinson v. Dotson</u>, 125 S.Ct. 1242 (2005). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner

4

claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein. See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. To the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action. See Leamer v. Fauver, 288 F.3d 532 (3d Cir.

2002). See also Ganim v. Federal Bureau of Prisons, 235 Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007) (challenge to garden-variety transfer not cognizable in habeas); Castillo v. FBOP FCI Fort Dix, 221 Fed.Appx. 172, 2007 WL 1031279 (3d Cir. 2007) (habeas is proper vehicle to challenge disciplinary proceeding resulting in loss of good-time credits, but claims regarding sanctioned loss of phone and visitation privileges not cognizable in habeas).

Here, Petitioner's challenge to the Social Security Administrative Offices failure to provide his back-payments of social security benefits does not challenge the "fact or duration" of his confinement and is not properly brought in a habeas action. As such, this Court finds that it lacks jurisdiction to entertain Petitioner's claims under 28 U.S.C. § 2241, and will dismiss the action, without prejudice to the filing of an appropriate civil action.[1]  See Ganim, 235 Fed. Appx. at 884 (vacating District Court's order denying § 2241

---

[1] Though it is not clear, it appears that Petitioner is alleging that his civil rights have been violated, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  The filing fee for a habeas petition is $5.00. The filing fee for a civil action under Bivens is $350.00.  An inmate seeking to file a civil action under Bivens must either prepay the filing fee or apply for in forma pauperis status by submitting an affidavit of poverty and a prison account statement for the six-month period preceding the filing of the complaint.  See 28 U.S.C. § 1915(a).  Where an inmate is granted in forma pauperis status, this Court is required to collect the fee by ordering the warden to deduct, and forward to the Clerk of the Court, monthly installment payments of 20% of the preceding month's income credited to the prisoner's account each month the amount in the account exceeds $10.00.

petition on merits and remanding with instruction to dismiss the petition for lack of jurisdiction).

This Court expresses no opinion as to the merits of Petitioner's claims.

**IV.   CONCLUSION**

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

s/Renée Marie Bumb
RENEE MARIE BUMB
United States District Judge

Date:  September 27, 2012